UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY JOHNSON,

    Plaintiff,

                      CASE NO. 2:08-CV-13328
                      JUDGE ARTHUR J. TARNOW
                      MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

WYATT HARRIS,
GOVERNOR OF THE STATE
OF MICHIGAN, and
PETER W. STROM,

    Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S COMPLAINT (Doc. Ent. 1); PLAINTIFF'S MOTION FOR CLERK TO
SERVE SUMMONS/COMPLAINT (Doc. Ent. 5) and PLAINTIFF'S MOTION
REQUESTING COURT TO DIRECT CLERK OF THE COURT TO FORTHWITH
ISSUE SUMMONS/COMPLAINT TO THE U.S. MARSHAL FOR SERVICE (Doc. Ent. 6)**

**I.**     **RECOMMENDATION:** The Court should summarily dismiss plaintiff's complaint (Doc. Ent. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). If the Court agrees with this recommendation, it should deny plaintiff's motion for clerk to serve summons/complaint (Doc. Ent. 5) and deny plaintiff's motion requesting court to direct clerk of the court to forthwith issue summons/complaint to the U.S. Marshal for service (Doc. Ent. 6).

**II.**     **REPORT:**

**A.**     **Background**

On or about December 7, 2003, Gregory Johnson was arrested pursuant to a warrant.[1] His preliminary examination took place on December 18, 2003. *See People v. Johnson*, No. 04-000571-01, Detroit Recorders Court; *Johnson v. Curtin*, W.D. Mich., 1:06-cv-00855-RHB-ESC (Doc. Entries 44 & 76)). Examinations took place before Judge David M. Bradfield on January 5 and 7, 2004. It appears that attorney Robert J. Simmons was Johnson's counsel of record during these proceedings. *Johnson v. Curtin*, W.D. Mich., 1:06-cv-00855-RHB-ESC (Doc. Entries 44, 45, 46).

Johnson's jury trial took place in Wayne County from March 22, 2004 to March 29, 2004, after which he was found guilty. On April 13, 2004, Johnson was sentenced to life in prison for first degree murder. At the same time, he was sentenced for violations of Mich. Comp. Laws § 750.224F (firearm possession by felon) and Mich. Comp. Laws § 750.227BA (felony firearm). During the trial and at sentencing, Johnson was represented by attorney Wyatt G. Harris. *See People v. Johnson*, No. 04-000571-01, Detroit Recorders Court; *Johnson v. Curtin*, W.D. Mich., 1:06-cv-00855 (Doc. Ent. 44)); and www.michigan.gov/corrections, "Offender Search."

Nearly one year later, on April 29, 2005, Judge Gregory Dean Bill heard and denied Johnson's motion for a new trial. Here, too, Johnson was represented by attorney Harris. *Johnson v. Curtin*, W.D. Mich., 1:06-cv-00855-RHB-ESC (Doc. Entries 44 & 54). The Court of Appeals of Michigan affirmed the conviction. *People v. Johnson*, No. 255258, 2006 WL 657135 (Mich. App. Mar. 16, 2006). On April 27, 2006, it denied the motion for reconsideration. The Michigan Supreme Court denied the application for leave to appeal. *People v. Johnson*, No. 131087 (Mich. Sept. 27, 2006).

---

[1] It appears that the warrant was signed by Judge Robert K. Costello on December 6, 2003. *Johnson v. Curtin*, W.D. Mich., 1:06-cv-00855-RHB-ESC (Doc. Ent. 44).

**B.     Johnson's Prior Lawsuits**

**1.     Johnson's Petition for Writ of Habeas Corpus Is Pending in the Western District.**

On December 4, 2006, Johnson filed a petition for writ of habeas corpus in the U. S. District Court for the Western District of Michigan. Doc. Ent. 1. *Johnson v. Curtin*, Case No. 1:06-CV-00855-RHB-ESC (W.D. Mich.). On February 22, 2007, Johnson filed an amended petition. Doc. Ent. 5.

On October 31, 2007, respondent filed an answer in opposition to the petition for writ of habeas corpus. Doc. Ent. 37. According to respondent, the petition is based upon alleged violations of the Fourth Amendment, Fifth Amendment, Sixth Amendment and Fourteenth Amendment. Doc. Ent. 37 at 3. Therein, respondent defines Johnson's Sixth Amendment violation as follows:

> Counsel knowingly and intentionally misrepresented [Petitioner] falsely. Counsel told [Petitioner] personally to [his] face while in the holding tank after [he] was sentenced, "what about it? What about it? It ain't no warrant. What about it? It wasn't about the warrant. It was about Sheryl Trent, and her lies." Counsel failed to produce the no warrant evidence where P.O. Gerald Thomas perjured to the execution of warrant to search the dwelling and [to] arrest.

Doc. Ent. 37 at 3.[2]

On January 24, 2008, plaintiff filed a motion in which he requested an order requiring respondent to file transcripts of the December 5, 2003 and December 18, 2003 examinations. Doc. Ent. 58. On March 12, 2008, Magistrate Judge Carmody entered an granting petitioner's motion to

---

[2] As Johnson alleges in the instant case, "[c]ounsel personally intended to represent [Johnson] falsely. There exist[s] truth in his telling me, "What about it? It aint no warrant. What about it[?]" Doc. Ent. 1 at 8-9 ¶ 4.

produce transcripts and denying petitioner's motion for immediate emergency ex parte order. Doc. Ent. 60.[3]

## 2. Judge Battani Has Summarily Dismissed *Johnson v. Reynolds, et al.*, Case No. 08-13017-MOB.

On July 14, 2008, Johnson filed a lawsuit in this district against Police Officer Lonze Reynolds, Police Officer Gerald Thomas and the Governor of the State of Michigan. *Johnson v. Reynolds*, Case No. 2:08-CV-13017 (Doc. Ent. 1 at 1). The complaint specifically mentions that the Governor is being sued on the basis of vicarious liability. Doc. Ent. 1 at 5, 8 (Case No. 2:08-cv-13017-MOB). As later described by Judge Battani:

> In his complaint, Plaintiff alleges that defendants Lonze Reynolds and Gerald Thomas, both police officers, conspired with other defendant government officials to wrongfully convict him. He alleges that defendants obtained a warrant based upon false information, maliciously prosecuted him, kidnapped him, planted false evidence against him, criminally suppressed evidence, and engaged in other illegal acts designed to convict him of first-degree murder.

Doc. Ent. 10 at 2.

In an October 31, 2008, order summarily dismissing the complaint, Judge Battani concluded that "[a] judgment in favor of Plaintiff would imply the invalidity of his conviction[,]" and noted that "[n]either Plaintiff's conviction nor his sentence has been overturned or declared invalid.

---

[3]In the instant case, plaintiff's affidavit draws the Court's attention to his January 24, 2008 filing, which sought a transcript of the December 5, 2003 proceeding in which Judge Costello authorized the warrant to search and arrest. Plaintiff also draws the Court's attention to the March 12, 2008 order granting the motion to produce transcripts, which states that "[a] review of the state court record in this matter, however, indicates that no hearings occurred on or near these particular dates." *See* Doc. Ent. 1 at 9 ¶ 5, Doc. Ent. 1 at 11-13.

The state court docket sheet for Case No. 04-000571-01 FY indicates that the warrant was signed on December 6, 2003; however, it does not indicate that there was a hearing. In fact, the "reporter" fields in the December 6, 2003 entries are listed as "unreported" or "unknown reporter." *Johnson v. Curtin*, W.D. Mich., 1:06-cv-00855-RHB-ESC (Doc. Ent. 44)

Accordingly, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983." Doc. Ent. 10 at 2.

Plaintiff filed a motion requesting Court to direct clerk of the court to forthwith issue summons/complaint to [the U.S. Marshal] for service. Doc. Ent. 11. Plaintiff also filed a "motion to reconsider lifting dismissal, hold in abeyance and interlocutory in nature[.]" Doc. Ent. 12. On November 25, 2008, Judge Battani denied Johnson's motion requesting service and motion for reconsideration. Doc. Ent. 13.

**C.     The Instant Case**

On August 1, 2008, Johnson filed the instant lawsuit, the caption of which specifically names as defendants Wyatt G. Harris (P54891); the Governor of the State of Michigan; and Peter W. Strom, who is described as the President of the Detroit Metropolitan Bar Association. Doc. Ent. 1. Plaintiff is currently incarcerated at the Newberry Correctional Facility (NCF) in Newberry, Michigan. *See* www.michigan.gov/corrections, "Offender Search."

Plaintiff's complaint is presented in several different parts. It begins with a section titled, "Order Section § 1983 Summons/Complaint/Filing Fees." Doc. Ent. 1 at 1-5. The body of plaintiff's complaint sets forth claims against attorney Harris, and plaintiff alleges that "[d]efendants on the face of the Petition are hereby being sued for Vicarious Liability[.]" Doc. Ent. 1 at 2-5.

Also, there is also a "notice of intent" pursuant to Fed. R. Civ. P. 30 ("Depositions by Oral Examination"), within which plaintiff requests that the Court "grant leave and depose [Johnson], by Writ, in order to take the deposition of [Officer] Reynolds, and [attorney] Harris." Doc. Ent. 1 at

6-7.[4] Next, plaintiff submits an "Affidavit," wherein he complains of "Counsel's" representation and appears to seek leave to take his deposition. Doc. Ent. 1 at 8-10.[5] Finally, plaintiff provides an "Order Summary Judgment." Doc. Ent. 1 at 14-15, 18. Among other things, plaintiff claims that "[c]ounsel . . . all knew for a fact [that] P.O. Gerald Thomas, falsely testified willfully under oath[;]" "[c]ounsel . . . all knew for a fact that Sheryl Trent,[6] was staged by state governmental officials in order to maliciously and fraudulently prosecute Petitioner;" and "[d]efendants named with Wyatt Harris, are vicariously liable 'for acts or omissions occurring in connection with the performance of duties,' of . . . Harris." Doc. Ent. 1 at 14-15, 18.

On August 6, 2008, shortly after plaintiff filed his complaint, the Court entered an order of deficiency for a prisoner civil action on the basis that plaintiff had "failed to pay the filing fee or to apply in the manner required by law to proceed in forma pauperis." Doc. Ent. 2. On August 18, 2008, plaintiff filed an application for prisoner to proceed without prepayment of fees or costs. Doc. Ent. 3. An order waiving prepayment of the filing fee and directing periodic subsequent payments of the filing fee was entered on September 30, 2008. Doc. Ent. 4.

---

[4]According to plaintiff, "[d]efendants in this matter have no evidence to refute [Johnson's] facts. These facts are supported by factual findings established by the Federal Court of the Western District. Therefore, defendants will not prevail with the facts submitted." Doc. Ent. 1 at 7.

[5]Plaintiff states that he "do[es] not know the motive behind Counsel's intent for representing [Johnson] fraudulently. [Johnson] do[e]s believe [Harris] [wants to] repent and come clean due to representation that was known to be false. Counsel is entitled to come forward and clean up his fraudulent representation. Therefore he can appear as speedy as possible at a deposition hearing." Doc. Ent.1 at 10 ¶ 8.

[6]According to a December 5, 2003 search warrant and affidavit signed by affiant P.O. Lonze Reynolds, Sheryl Trent stated that she overheard Johnson "bragging about shooting a guy[.]" Doc. Ent. 1 at 6 (Case No. 2:08-cv-13017-MOB).

Plaintiff is currently incarcerated at the Newberry Correctional Facility (NCF) in Newberry, Michigan. *See* www.michigan.gov/corrections, "Offender Search."

**D.     Pending Motions**

Currently before the Court are plaintiff's October 16, 2008 "Motion for Clerk to Serve Summons/Complaint" (Doc. Ent. 5) and plaintiff's November 5, 2008 "Motion Requesting Court to Direct Clerk of the Court to Forthwith Issue Summons/Complaint to [the U.S. Marshal] for Service" (Doc. Ent. 6). Judge Tarnow has referred this case to me to conduct all pretrial proceedings and to issue a report and recommendation on all dispositive motions. Doc. Ent. 7.

**E.     Analysis**

**1.     The Court Should Summarily Dismiss Plaintiff's Complaint Pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).**

My recommendation with respect to plaintiff's complaint is based upon two statutes. 28 U.S.C. § 1915 governs in forma pauperis proceedings. In part, it provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal--
>>
>>> (I) is frivolous or malicious;
>>>
>>> (ii) *fails to state a claim on which relief may be granted*; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added).

Also, 28 U.S.C. § 1915A governs screening. In part, it provides:

7

> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or *fails to state a claim upon which relief may be granted*; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b) (emphasis added).

### a. Attorneys Wyatt G. Harris and Peter W. Strom

The caption of plaintiff's August 1, 2008 complaint names attorney Wyatt G. Harris[7] and Peter W. Strom as defendants. Doc. Ent. 1 at 1. As noted above, attorney Harris was plaintiff's counsel at trial and sentencing. Plaintiff sues Harris in his personal and official capacities. Doc. Ent. 1 at 2. Among other things, plaintiff claims that he is suing Harris "for suffering endured from False Imprisonment, Fraud and suborning perjury." Doc. Ent. 1 at 2. Plaintiff seeks "satisfaction in multiple torts, liabilities and damages consistent with disbarment for life where counsel cannot practice legal obligations [anywhere] in the United States, ever again for suborning planned perjury and fraud." Doc. Ent. 1 at 2-3.[8] Plaintiff also seeks relief from Harris for the suffering plaintiff endured from his false imprisonment. Doc. Ent. 1 at 5.

Plaintiff's "Order Summary Judgment" also alleges that "[c]ounsel an accomplice [presumably Harris] along with other accomplices [presumably Strom and the Governor] willfully

---

[7] Plaintiff has supplied Wyatt Harris's address as P.O. Box 14621, Detroit, Michigan 48214 (Doc. Ent. 5 at 2).

[8] Plaintiff sues Harris on the bases of personal, accomplice and several liabilities. Doc. Ent. 1 at 3. Furthermore, plaintiff seeks treble, actual, exemplary, unliquidated (satisfaction by judge or jury) and punitive damages from Harris. Doc. Ent. 1 at 3-4. Also, plaintiff seeks relief from Harris for constitutional (First, Fourth, Sixth, Eighth and Fourteenth Amendment), intentional, negligent, personal and dignatory (defamation) torts. Doc. Ent. 1 at 4-5.

co-conspired and co-operated with planned perjury in order to falsely imprison Petitioner, illegally and fraudulently[.]" Doc. Ent. 1 at 14. It further alleges that "[c]ounsel knowingly was a key ingredient in suborning perjury along with other accomplices[.]" Referring to respondent's answer to the petition for writ of habeas corpus - specifically the respondent's definition of the Sixth Amendment claim - plaintiff claims that "[c]ounsel willfully misrepresented petitioner fraudulently[.]" Doc. Ent. 1 at 15, 17 (Respondent's Answer).

It is not clear what role Strom played. However, the State Bar of Michigan Member Directory lists a Peter W. Strom (P33759). This report assumes that attorney Strom is the individual who plaintiff intended to name as a defendant. This assumption is buttressed by plaintiff's allegation that "[c]ounsel . . . *all* knew for a fact [that] P.O. Gerald Thomas, falsely testified willfully under oath that [the] warrant to search [Johnson's] dwelling, and warrant to arrest [Johnson], did not execute for Sheryl Trent's statement[.]" Doc. Ent. 1 at 14-15 (emphasis added). Plaintiff further alleges that "[c]ounsel . . . *all* knew for a fact that Sheryl Trent, was staged by state governmental officials in order to maliciously and fraudulently prosecute Petitioner[.]" Doc. Ent. 1 at 15 (emphasis added).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)[9]). "The central question to be answered in determining

---

[9] In *Daniels v. Williams*, 474 U.S. 327 (1986), the Supreme Court reconsidered its statement in *Parratt* that "'the alleged loss, even though negligently caused, amounted to a deprivation.'" *Daniels*, 474 U.S. at 328 (citing *Parratt*, 451 U.S. at 536-537). The Court held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986)

whether a private party is a 'state actor' is whether their actions are 'fairly attributable to the state.'" *Flint ex rel. Flint v. Kentucky Dept. of Corrections*, 270 F.3d 340, 351 (6th Cir. 2001) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992)).

Plaintiff argues that "[w]hether independently hired or appointed by the court[,] counsel cannot knowingly be a party to fraud, false evidence, planned perjury, or represent his client in conduct known to be illegal or fraudulent." Doc. Ent. 1 at 8 ¶ 2. Furthermore, plaintiff contends that "[t]he right to counsel includes no right to have a lawyer who will co-operate with planned perjury." Doc. Ent. 1 at 8 ¶ 3. However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Therefore, defendant Harris was not acting under color of state law while representing Plaintiff. Accordingly, plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

Furthermore, to the extent that Plaintiff challenges the effect of Harris's actions during the trial on plaintiff's conviction and/or sentence, plaintiff does not state a claim upon which relief may be granted under 42 U.S.C. § 1983. Success on such a claim would necessarily imply the invalidity of plaintiff's March 29, 2004 conviction and, likewise, his April 13, 2004 sentencing. As the United States Supreme Court stated in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994):

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87. As Judge Battani noted in her October 31, 2008 order, "[n]either Plaintiff's conviction nor his sentence has been overturned or declared invalid." *Johnson v. Reynolds*, Case No. 08-13017 (Doc. Ent. 10 at 2).

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, if Plaintiff wishes to assert a claim against Harris that plaintiff was deprived of his right to the effective assistance of counsel[10] or that he was falsely imprisoned, plaintiff he must do so by filing a habeas corpus petition under 28 U.S.C. § 2254.[11] *See Parker v. Phillips*, 27 Fed. Appx. at 493 ("*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), applies to bar Parker's claim, whether construed as one for false imprisonment or malicious prosecution.").[12]

---

[10] In fact, plaintiff represents that "[c]ounsel's representation was criminal to the extent it was far beyond the scope of Amendment VI[.] [I]neffective assistance of counsel is not the case here, but, rather, fraud." Doc. Ent. 1 at 8 ¶ 1.

[11] The Court should not construe the instant complaint as a petition for writ of habeas corpus. First, Johnson does not allege that his claims are exhausted, *see Parker v. Phillips*, 27 Fed. Appx. 491, 494 (6th Cir. 2001) ("the district court properly declined to construe Parker's complaint as seeking habeas corpus relief because Parker's complaint does not allege that his claims are exhausted, *see Preiser v. Rodriguez*, 411 U.S. 475, 489-90[] (1973), nor does the document comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.").

Second, plaintiff may want to assert additional or different claims for relief in a habeas corpus petition than those contained in the complaint. Third, as previously mentioned, plaintiff has a pending petition for writ of habeas corpus in the Western District of Michigan. *See Johnson v. Curtin*, Case No. 1:06-CV-00855-RHB-ESC (W.D. Mich.).

[12] As Judge Battani noted in her November 25, 2008 order, "if Johnson's habeas corpus action should result in the invalidation of his convictions, he may refile his § 1983 action because it will no longer be barred by Heck." *Johnson v. Reynolds*, Case No. 2:08-CV-13017-MOB (E.D. Mich. Nov. 25, 2008) (Doc. Ent. 13) (referencing *Diehl v. Nelson*, No. 98-2148, 1999 WL 1045076 (6th Cir. Nov. 12, 1999) ("Diehl's § 1983 claims should have been dismissed without prejudice.")

Finally, plaintiff's complaint does not identify Strom's role in these proceedings. Therefore, plaintiff's claims against Harris and Strom should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**b.     The Governor of the State of Michigan**

Plaintiff also names the "Governor of the State of Michigan" in the caption of his complaint. Doc. Ent. 1 at 1.[13] Plaintiff contends that "[d]efendants on the face of the Petition are hereby being sued for <u>Vicarious</u> <u>Liability</u> 'for acts or omissions occurring in connection with the performance of duties,' of counsel Wyatt Harris[.]" Doc. Ent. 1 at 5. In his "Order Summary Judgment," plaintiff also alleges that "[d]efendants named with Wyatt Harris are vicariously liable '[f]or acts or omissions occurring in connection with the performance of duties,' of counsel Wyatt Harris." Doc. Ent. 1 at 18.[14]

Liability in a § 1983 action cannot be based on a theory of *respondeat superior*. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). "[T]he mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability." *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 n.58 (1978), citing *Rizzo v. Goode*, 423 U.S. 362, 370-371 (1976).

As the Sixth Circuit has stated:

"Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific

---

(referencing *Fottler v. United States*, 73 F.3d 1064, 1066 (10th Cir. 1996))).

[13]Currently, the Governor of the State of Michigan is, and was at the time plaintiff filed his complaint, Jennifer Granholm.

[14]Plaintiff requests that the Court order Harris "to file Summary Judgment and Answers to Interrogatories to Parties, as a matter of law." Doc. Ent. 1 at 5.

>incident of misconduct or in some other way directly participated in it. *At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.*"

*Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 81 (6th Cir. 1995) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (emphasis added)) (emphasis by *Taylor* court); *see also*, *Monell*, 436 U.S. at 693-95; *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

The following three elements are necessary to establish supervisor liability under § 1983:

>(1)...the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2)...the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3)...there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994), citing cases including *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989).

Plaintiff does not allege that Granholm was personally involved, nor is there an indication that she was personally involved in, the events of which plaintiff complains. *See Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) ("Because § 1983 liability cannot be imposed under a theory of *respondeat superior,* proof of personal involvement is required for a supervisor to incur personal liability.") (citing *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir.1995)).

Therefore, plaintiff's claims against Granholm should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) (B)(ii), 1915A(b)(1) for failure to state a claim upon which relief may be granted.[15]

**2.     Plaintiff's Fed. R. Civ. P. 4(c)(3) Requests for Service of the Summons and Complaint by the U.S. Marshal upon Harris, Strom and the Governor of the State of Michigan Should Be Denied.**

Plaintiff brings his October 16, 2008 "Motion for Clerk to Serve Summons/Complaint" pursuant to Fed. Rules Civ. P. 4 and 12, "request[ing] the Clerk of the Court to forthwith issue the Summons and Complaint and deliver it to the [U.S.] Marshal[] for [personal] service" upon Harris, the Governor, and Strom.  Doc. Ent. 5 at 2.  Furthermore, plaintiff requests that the U.S. Marshal personally serve Detroit Police Officers Lonze Reynolds and Gerald Thomas and the Governor of the State of Michigan - the defendants in plaintiff's previous civil rights case.  Additionally, plaintiff . . .

> . . . request[s] the Clerk of the Court to provide Plaintiff with a copy of Summons signed by the Clerk, bear[ing] the seal of the court, identify[ing] the court and the parties.  Also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default for the relief demanded in the complaint.

Doc. Ent. 5 at 3.

Plaintiff's November 5, 2008 "Motion Requesting Court to Direct Clerk of the Court to Forthwith Issue Summons/Complaint to [the U.S. Marshal] for Service " also relies upon Fed. Rules Civ. P. 4 and 12.  Here, plaintiff renews his "request [that the Court] direct the Clerk of the Court

---

[15]The same conclusion would be applicable to Strom to the extent plaintiff's claims against Strom are based upon vicarious liability.  *See* Doc. Ent. 1 at 5, 18 (Plaintiff also alleges that "[d]efendants named with Wyatt Harris are vicariously liable '[f]or acts or omissions occurring in connection with the performance of duties,' of counsel Wyatt Harris.").

to forthwith issue the Summons and Complaint, direct that service be effected" pursuant to Fed. R. Civ. P. 4(c)(3). Doc. Ent. 6 at 2. Plaintiff also requests that the Court direct the Clerk of the Court to set the deadline as soon as practicable for defendants to file their responsive pleading in accordance with Fed. R. Civ. P. 12(a) ("Time to Serve a Responsive Pleading."). Doc. Ent. 6 at 2-3. Preemptively, plaintiff requests that the Court deny any future request(s) by defendants for an extension of time. Citing Fed. Rules Civ. P. 12(a)(1)(A), 56(c) and 56(a), it appears that plaintiff seeks to minimize the period before which he can bring a motion for summary judgment. According to plaintiff, "[a]n extension of time by the court or the service of preliminary motions of any kind will prolong that period any further. In many cases this merely represents unnecessary delay." Doc. Ent. 6 at 3 (referencing *United States v. Adler's Creamery*, 107 F.2d 987 (2d Cir. 1939)).

> Fed. R. Civ. P. 4(c) governs service of summons. It provides as follows:
>
> **(1) *In General.*** A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> **(2) *By Whom.*** Any person who is at least 18 years old and not a party may serve a summons and complaint.
>
> **(3) *By a Marshal or Someone Specially Appointed.*** At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c). "Where a plaintiff is proceeding as a pauper, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint."

15

*Williams v. McLemore*, 10 Fed. Appx. 241, 243 (6th Cir. 2001); *Byrd v. Stone*, 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

If the Court agrees with my foregoing recommendation that plaintiff's complaint be summarily dismissed, then the Court should accordingly deny plaintiff's October 16, 2008 and November 5, 2008 motions to the extent these filings request service of the complaint and summons by the U.S. Marshal upon defendants Harris, the Governor of the State of Michigan, and Peter W. Strom.  Likewise, plaintiff's request to have the U. S. Marshal serve Reynolds and Thomas should be denied, as Reynolds and Thomas are not identified in the caption of the August 1, 2008 complaint and the Court has summarily dismissed plaintiff's July 14, 2008 complaint against these defendants.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

8/14/09                                    s/Paul J. Komives
DATE                                       PAUL J. KOMIVES
                                           UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 14, 2009.
>
>                         s/Eddrey Butts
>                         Case Manager